# MATTER OF ANN JACKSON

[No. 761, September Term, 1973.]

*Decided July 15, 1974.*

The cause was argued before MOYLAN and POWERS, JJ., and ROBERT F. SWEENEY, Chief Judge of the District Court of Maryland, specially assigned.

*Sanford Mervis,* with whom was *Dennis M. Henderson* on the brief, for appellant.

*Harry A. E. Taylor, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Milton B. Allen, State's Attorney for Baltimore City,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Ann Jackson, seems strangely more concerned with winning an argument than with winning her freedom. The source of her consternation is that after exceptions have been taken from the findings and recommendations of a master sitting in the Juvenile Court, the judge may hear the entire matter, or specific parts of it, *de novo* rather than sit in true appellate judgment on the propriety of the master's conduct. Maryland Rule 908 e 3 provides:

"In the absence of exceptions, the master's findings and recommendations shall promptly be confirmed, modified or remanded by the judge. If, within the specified time, exceptions are filed, the judge shall hear the entire matter or such specific matters as set forth in the exceptions *de novo.*"

In the case at bar, the appellant was found to be a child in need of supervision on February 7, 1973. On September 4, 1973, a petition was filed alleging that the appellant had violated conditions of her probation and that she was ungovernable and beyond the control of her parents, as shown by absences from home without permission and by truancy. A hearing was held the same day. The master found the child to be in need of supervision and committed her to the care and custody of the Montrose School for Girls. On September 10, 1973, a Notice of Exception was filed which stated:

"Ann Jackson, by Sanford Mervis, her attorney, excepts to the rulings and findings of Master Bernard Peter in the above-captioned matter on September 6, 1973, pursuant to Rule 908 e 2 for the reason that the rulings of said master constituted a

denial of due process, were procedural error and were improper, as will be demonstrated to the Honorable Court at hearing hereon."

On October 2, 1973, a hearing *de novo* was held before Judge Robert I. H. Hammerman. The appellant does not contest the propriety of the ultimate decision of Judge Hammerman on the merits of the case. The appellant complains primarily that her attempt to scrutinize what had transpired at the master's hearing, including:

(1) Her inability to question certain witnesses before the master;

(2) The propriety of Miss Karen Brown, a juvenile probation counselor, speaking with the master in chambers about her recommendations for the appellant prior to the appellant's hearing before the master; and

(3) The allegedly precipitous speed with which the hearing was heard before the master,

was totally frustrated by affording her simply a trial *de novo*.

The thrust of the appellant's position was clear. She was less interested in receiving a new trial herself than in trying the master. Her objection to the remedy afforded her was that "it allows the master to patently disregard and frustrate the laws governing the handling of juvenile matters to the detriment of the child's constitutional liberties and welfare with no redress for the child other than a new hearing in the future at which all illegal and improper prior proceedings are disregarded." In her brief before this Court, the appellant makes evident that her purpose was, by the filing of the exceptions, "to elicit a ruling, preliminary to consideration of the merits," on whether the actions of the master had "contravened express provisions of the juvenile law." She was chagrined because she had been "compelled over objection and without adequate notice or time for preparation of a defense to submit to an adjudicatory hearing" on the same day that the petition had been filed.

It is clear that individuals charged in the Juvenile Court are provided an adequate redress for their grievances by the provisions for complete, or partial, hearings *de novo.*

Maryland Rule 908 e sets out the provision whereby the Juvenile Court judge may assign certain cases to a master for a hearing. The rule further provides that the master shall, upon the conclusion of the hearing, announce his findings and recommendations and that all papers relating to the case, together with the master's findings and recommendations, shall then be transmitted to the judge. Subsection 2 of Rule 908 e provides that the parties may file written exceptions to the master's findings or recommendations or any part thereof within five days after the hearing before the master and that a hearing shall then be held before the judge. Subsection 3 provides, *inter alia,* that, when exceptions are filed, the judge shall hear the entire matter, or such specific matters as set forth in the exceptions, *de novo.* The clear import of the law is that the hearing *de novo* before the judge is the only means of challenging the findings and recommendations of the master (and, by necessary implication, the propriety of the procedures by which the master arrived at those findings and recommendations). The adequacy of this means of redress was implicit in *Hazell v. State,* 12 Md. App. 144, 277 A. 2d 639, wherein Chief Judge Murphy said, at 12 Md. App. 148:

"Under Maryland Rule 908 e a Juvenile Master may be assigned by the court to hear cases involving waivers of juvenile jurisdiction. The Master is required at the conclusion of the hearing to 'announce his findings and recommendations,' which are thereafter transmitted to the court. The court may, in the absence of exceptions taken by either party, confirm or modify the Master's recommendations or remand for further proceedings. Where exceptions are filed to the Master's recommendations, as permitted by Rule 908 e 3, the matter is set for hearing before the court, at which time 'the judge shall hear the entire

matter or such specific matters as set forth in the exceptions *de novo.*' ",

and again, at 12 Md. App. 156:

> "We find no merit in appellant's contention that it was improper for the court to hear the testimony of one of the victims when conducting a hearing on the exceptions of the State to the Master's recommendations. We think Maryland Rule 908 e 3, heretofore set forth, permits the court to hear such testimony if it chooses. Moreover, appellant made no objection to it and was himself permitted at the hearing to adduce additional testimony in his own behalf."

The inappropriateness of the remedy and type of review urged by the appellant is clear when we look at the role of the master in proper perspective. He does not assume "the duties of a judge by being cloaked with judicial power and authority," but is available simply to "assist the judge, as an employee of the court." He conducts such hearings as the court assigns to him and his authority extends only to the making of findings and recommendations. The role and function of the master was thoroughly analyzed for this Court by Chief Judge Orth in *Matter of Anderson*, 20 Md. App. 31, 46-47, 315 A. 2d 540, 548-549:

> "The obvious and inescapable effect of the holding of the juvenile judge is to raise the position of a master to the status of a judge of the circuit court and to emasculate the juvenile judge, whose employee the master is, leaving the judge with no control over the master's findings and with no part to play but to give *pro forma* endorsement to the master's recommendations. Such delegation of the judge's duties and authority is of a certainty invalid and patently beyond the contemplation of Art. IV of the Maryland Constitution, of the Legislature in authorizing the employment of masters and 'other employees necessary to conduct the business of the court', Courts Art. § 2-501 (a), and of the Court of

Appeals in adopting the Rules of Practice and Procedure concerning masters, Rule 908 e. It is clear that the authority of the master in conducting such hearings as the court assigns to him extends only to findings and recommendations. It was not intended that the master assume the duties of a judge by being cloaked with judicial power and authority, but that he assist the judge, as an employee of the court. At the conclusion of the hearing the master must transmit all papers relating to the case to the judge. Rule 908 e 1. Even in the absence of exceptions the judge need not confirm the master's findings and recommendations, but may modify them or remand them. Rule 908 e 3. And there is no doubt whatsoever that when exceptions are properly made to the master's findings and recommendations, Rule 908 e 2, the judge must hear the matter *de novo*, Rule 908 e 3."

We note, moreover, that under Maryland Rule 908 a, the proceedings before a master are not required to be recorded as they are before a judge. See *Matter of Anderson, supra*, n. 22. That factor alone would make the type of review sought by the appellant here completely unfeasible.

In *Volz v. State Roads Commission*, 221 Md. 209, 156 A. 2d 671, the Court of Appeals was dealing with an appeal taken to the circuit court from a decision of the Board of Property Review. The appeal provision of Art. 89B, § 18, provided for a hearing *de novo*. Recognizing a significant difference in the nature of the hearings *de novo* in that case and this (there the "appeal" from the action of an administrative board represented the institution of a new proceeding, whereas here the hearing *de novo* is a continuation of the same proceeding, albeit in its second phase), the analysis of the Court of Appeals is nevertheless helpful in pointing out that a hearing *de novo* can be totally sufficient as a means of redressing earlier alleged errors and relieves the circuit court of all necessity of reviewing the propriety (procedural

as well as substantive) of the earlier action. The court there held, at 221 Md. 212-213:

> "[Art. 89B, § 18, provides in part] 'In cases where the appeal is sought by the property owner he shall so notify the Commission in writing and it shall be the duty of the Commission to prepare and file *the* condemnation case in the proper court, * * * and the case shall be *heard de novo* and *as if there had been no hearing before the board of property review.*' (Emphasis added.)
>
> It is clear that this section provides in terms for a court proceeding *de novo,* and it is equally clear that it does not provide for a review by the court, whether by way of affirmance, reversal or modification, of the award of the review board. The complete absence of any such provision shows, we think, that the 'appeal' under Section 18 is not an appeal in the usual sense of the term, but is the institution of a new proceeding."

*Cf. County Fed. S. & L. v. Equitable S. & L.,* 261 Md. 246, 274 A. 2d 363, and *Daihl v. County Bd. of Appeals,* 258 Md. 157, 265 A. 2d 227.

We hold that the statutory scheme whereby, after exceptions are taken to the findings and recommendations of a juvenile master, the judge shall hear the matter, in whole or in part, *de novo* did not deny the appellant here due process of law.

*Judgment affirmed.*